**The STATE of Ohio, Appellee,**

v.

**PELPHREY, Appellant.**

[Cite as *State v. Pelphrey,* 149 Ohio App.3d 578, 2002-Ohio-5491.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–010452 and C–010702.

Decided Oct. 11, 2002.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Emma Seta, Assistant Prosecuting Attorney, for appellee.

Harry R. Reinhart, for appellant.

DOAN, Presiding Judge.

{¶ 1} On December 17, 2001, at approximately 3:00 a.m., defendant-appellant Jeremy O. Pelphrey drove to 457 Samoht Ridge in Delhi Township, where a party was in progress. Pelphrey threw sulfuric acid on four of the people who were attending the party. The four victims suffered serious injuries that resulted in scars and permanent disfigurement. Pelphrey's mother, Belinda Euliss, was also splashed with the sulfuric acid during the attack.

{¶ 2} Pelphrey was indicted for ten counts of felonious assault. Counts 1, 3, 5, 7, and 9 charged that Pelphrey had knowingly caused serious physical harm to each victim, in violation of R.C. 2903.11(A)(1). Counts 2, 4, 6, 8, and 10 charged that Pelphrey had knowingly caused or attempted to cause physical harm to each victim by means of a deadly weapon or dangerous ordnance, in violation of R.C. 2903.11(A)(2). Counts 9 and 10 named Pelphrey's mother, Belinda Euliss, as the victim.

{¶ 3} Pelphrey pleaded guilty to counts 1, 3, 5, and 7. The remaining counts were dismissed. The trial court sentenced Pelphrey to four years' incarceration on each count and ordered the sentences to be served consecutively. Pelphrey appealed his convictions on July 12, 2001, under the case numbered C–010452.

{¶ 4} On September 4, 2001, Pelphrey, now represented by new counsel, filed a motion in the trial court captioned "motion for leave to withdraw guilty pleas and alternative petition for postconviction relief pursuant to R.C. 2953.21 et seq." Attached to Pelphrey's motion were copies of Hamilton County Municipal Court records showing that while Pelphrey's original trial counsel was representing him on the instant charges in the court of common pleas, the attorney was also representing Belinda Euliss in the municipal court on criminal charges. Pelphrey argued that his attorney's representation of one of the alleged victims, who

was a potential witness for the prosecution against Pelphrey, gave rise to an actual conflict of interest that violated his constitutional rights to due process, equal protection, and effective assistance of counsel, and that constituted a manifest miscarriage of justice within the meaning of Crim.R. 32.1. The possible conflict of interest was not brought to the trial court's attention until Pelphrey filed his motion.

{¶ 5} The trial court entered an order, on October 22, 2001, entitled "findings of fact, conclusions of law, and entry denying postconviction relief." The court dismissed the petition for postconviction relief, finding that "all questions raised can be resolved from the existing record" and that, therefore, "no evidentiary hearing [would] be held." The trial court held that res judicata barred the claim of conflict of interest because it "could have been raised at trial, sentence, or on appeal." The trial court did not separately rule on Pelphrey's motion to withdraw his guilty pleas, but, under its conclusions of law, the trial court, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, stated that the "[d]efendant has failed to establish that there is a reasonable and legitimate basis for the withdrawal of the plea[s]."

{¶ 6} Pelphrey has appealed from the dismissal of his motion under the case numbered C–010702. This court has consolidated the appeals. Pelphrey has raised two assignments of error for our review.

{¶ 7} Pelphrey's first assignment of error alleges:

{¶ 8} "The trial court erred to the substantial prejudice of the defendant by accepting his plea[s] of guilty when his attorney was also representing the victim of the offense."

{¶ 9} The Sixth Amendment right to counsel guarantees a defendant's right to conflict-free assistance of counsel. See *Glasser v. United States* (1942), 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; *State v. Haberek* (1988), 47 Ohio App.3d 35, 546 N.E.2d 1361. "A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose." *State v. Manross* (1988), 40 Ohio St.3d 180, 182, 532 N.E.2d 735.

{¶ 10} In *State v. Gillard* (1992), 64 Ohio St.3d 304, 595 N.E.2d 878, syllabus, the Ohio Supreme Court held:

{¶ 11} "Where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a

right to counsel, there is a correlative right to representation free from conflicts of interest."

{¶ 12} The trial court and defense counsel have an affirmative duty to ensure the defendant a conflict-free representation. See *State v. Dillon* (1995), 74 Ohio St.3d 166, 657 N.E.2d 273. A defendant who has not objected in the trial court on the basis of a conflict of interest need not show prejudice on appeal. Prejudice is presumed if the defendant can demonstrate that his defense counsel actively represented conflicting interests and that the actual conflict of interest adversely affected counsel's performance. See *Cuyler v. Sullivan* (1980), 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333; *State v. Carroll* (1996), 74 Ohio St.3d 229, 658 N.E.2d 269; *State v. Haberek*, 47 Ohio App.3d at 38–39, 546 N.E.2d 1361.

{¶ 13} In reviewing a claim of conflict of interest, an appellate court must first determine whether the trial court had a duty to investigate the alleged conflict of interest. See *State v. Gillard*, supra; *State v. Ingol* (1993), 89 Ohio App.3d 45, 48, 623 N.E.2d 598. The trial court is constitutionally required to inquire into the possibility of a conflict of interest when it knows or should know that a possible conflict of interest exists. See *State v. Gillard*, supra; *State v. Manross*, supra. If the trial court has failed to make an inquiry where it had a duty to do so, the case must be remanded to the trial court for a determination of whether an actual conflict of interest existed. See id. The trial court has "wide latitude" in determining whether an actual conflict of interest existed. See *State v. Keenan* (1998), 81 Ohio St.3d 133, 689 N.E.2d 929.

{¶ 14} We hold that the trial court had a duty in this case to inquire into the alleged conflict of interest when Pelphrey filed his Crim.R. 32.1 motion to withdraw his guilty pleas or in the alternative for postconviction relief, because at that time the court knew or should have known that a possible conflict of interest existed.

{¶ 15} "Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 14.

{¶ 16} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.

{¶ 17} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraphs one and two of the syllabus.

{¶ 18}   We hold that, under the facts of this case, the trial court was required to hold a hearing to determine whether an actual conflict of interest existed, and, if so, whether the conflict of interest worked a "manifest injustice" upon Pelphrey.   Pelphrey would have then had the burden to establish the existence of manifest injustice.

{¶ 19}   The first assignment of error is sustained to the extent that it alleges that the trial court erred in dismissing Pelphrey's Crim.R. 32.1 motion to withdraw his guilty pleas without holding a hearing.   It is overruled in all other respects.   The cause must be remanded for a hearing on Pelphrey's motion to withdraw his guilty pleas.

{¶ 20}   Pelphrey has not raised an assignment of error alleging that the trial court erred in overruling his petition for postconviction relief.   We point out that Pelphrey's claim of conflict of interest was raised on direct appeal, and, therefore, that he is barred by the doctrine of res judicata from raising the claim in his postconviction petition.

{¶ 21}   Pelphrey's second assignment of error alleges that the trial court erred in imposing consecutive sentences.

{¶ 22}   R.C. 2929.14(E)(4) provides:

{¶ 23}   "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 24}   "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 25}   "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 26}   "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."

{¶ 27}   Pursuant to R.C. 2929.19(B)(2)(c), the trial court must make the requisite findings and give its reasons for imposing consecutive sentences.

{¶ 28} The record here does not contain a sentencing worksheet. In imposing consecutive sentences, the trial court stated:

{¶ 29} "Mr. Pelphrey, I've been on the bench 32 years and been on a lot of capital death penalty cases; lot of shootings, weapons, guns and knives.

{¶ 30} "It would probably seem to be almost better if you had used a gun or knife. The terrible destruction that something like this has cost everyone, and what I indicated before, you destroyed your own life, your family's life, and all of these people's lives and their families.

{¶ 31} "I do want to make the necessary findings for the sentencing guidelines that there are prior delinquencies and prior adult convictions.

{¶ 32} "I do find with regard to Section [2929.14(E)(4)] that the harm that was caused was great and/or unusual, and that consecutive sentences are necessary to fulfill the purposes of Revised Code 2929.11."

{¶ 33} The trial court effectively found that "consecutive service is necessary to protect the public from future crime or to punish the offender" when it stated that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11. See *State v. Terry* (Dec. 14, 2001), 1st Dist. No. C–000782, 2001 WL 1591327. R.C. 2929.11 provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." The trial court also found that the harm caused was great or unusual, a determination fully supported by the record.

{¶ 34} The court did not make a finding that "consecutive sentences [were] not disproportionate to the seriousness of the offender's conduct and to the danger the offender pose[d] to the public," as required by R.C. 2929.14(E)(4). Further, the trial court failed to give reasons for its findings as required by R.C. 2929.19(B)(2)(c). In the absence of those findings and reasons, the imposition of consecutive sentences was contrary to law. See id.; *State v. McCoy* (Nov. 9, 2001), 1st Dist. Nos. C–000659 and C–000660, 2001 WL 1386196. The second assignment of error is sustained.

{¶ 35} Therefore, the judgment of conviction is reversed to the extent that it imposes consecutive sentences, those sentences are vacated, and the cause is remanded to the trial court for resentencing in accordance with law. Further, the trial court's judgment dismissing Pelphrey's Crim.R. 32.1 motion without a hearing is reversed, and the cause is remanded for a hearing on Pelphrey's motion to withdraw his guilty pleas in which the trial court must consider whether an actual conflict of interest existed and, if so, whether the conflict of interest worked a manifest injustice upon Pelphrey, and for further proceedings

consistent with law and this decision. The judgment of the trial court is affirmed in all other respects.

Judgment affirmed in part,
reversed in part
and cause remanded.

GORMAN and WINKLER, JJ., concur.