DECISION AND JUDGMENT ENTRY
{¶ 1} Lawrence E. Stewart appeals the trial court's judgment denying his "motion for resentencing and new trial." He argues that the trial court should have held an evidentiary hearing. Because appellant did not timely file his motion for a new trial, the trial court was not required to hold an evidentiary hearing. Therefore, we affirm the trial court's judgment.
 {¶ 2} In 1996, appellant was convicted of kidnapping, gross sexual imposition, and rape. In April of 2002, appellant filed a pro se "motion for resentencing and new trial." Appellant claimed: "There was something real fishy about Ray Smith my public defender from the very start of his appointment to represent me. Its [sic] taken me 6 years of drudgeried [sic] existence but the absolute truth is finally bearing fruit. And to think it was in black and white print. I think the judge and prosecutor is [sic] in serious trouble. I'm going to find out if a judge can be sued. Raymond Smith didn't stay employed [at] the law firm of Buell and Sipes. He worked for Janet Fogle Frazier McKim, during my jury trial, and directly from her offices. No attorney can properly represent me out of her address. Thats [sic] a major conflict of interest and the judge knew that atty. [sic] Smith was employed by atty. [sic] McKim. And my sentencing is illegal. One is an indeterminate and one is a flat term and another is a life term. Can't [sic] have all of em [sic]. Either one or the other, but not mixed. I think the judge is in deep crapola."
 {¶ 3} The second page of appellant's motion contained the following statement: "Chris Forshey and the judge was [sic] in cahoots together along with the public defenders [sic] office and the prosecutor. Payback time. Judge Lane — You be in trouble [sic]."
 {¶ 4} In its response to appellant's motion, the state argued that appellant's motion was "baseless" and that he could have raised the claims on appeal or in a post-conviction petition.
 {¶ 5} On May 9, 2002, the trial court denied the motion. The court noted that appellant previously had ample opportunity to raise the alleged conflict of interest but had not done so.
 {¶ 6} Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred to the substantial prejudice of the defendant by denying his motion for a new trial, without a hearing, when presented with evidence of a conflict of interest."
 {¶ 7} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion for a new trial without first conducting an evidentiary hearing to inquire into the alleged conflict of interest. He claims that once he raised the possibility of a conflict of interest, the court had an absolute duty to inquire.
 {¶ 8} Crim.R. 33 governs the filing of a motion for a new trial. The rule provides: "(A) Grounds — A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state; (3) Accident or surprise which ordinary prudence could not have guarded against; (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified; (5) Error of law occurring at the trial; (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
 {¶ 9} Here, appellant's pro se motion filed in the trial court did not delineate under which of the foregoing grounds he is seeking a new trial. However, on appeal, appellant's counsel asserts that either Crim.R. 33(A)(1) or (6) applies. Appellant claims that he recently discovered that his defense attorney, during appellant's trial, had accepted a position with the public defender's office. Appellant argues that this created a conflict of interest because the public defender, Janet Fogle McKim, had accused appellant of harassment.[1]
 {¶ 10} A trial court has broad discretion to determine whether a motion for a new trial merits an evidentiary hearing. See, e.g., Statev. Tomlinson (1997), 125 Ohio App.3d 13, 19, 707 N.E.2d 955; State v.Wells (Aug. 23, 1995), Scioto App. No. 94CA2255. Additionally, the decision whether to grant or deny a motion for a new trial is committed to the sound discretion of the trial court. See State v. LaMar (2002),95 Ohio St.3d 181, 201, 767 N.E.2d 166; State v. Williams (1975),43 Ohio St.2d 88, 330 N.E.2d 891, paragraph two of the syllabus; see, also, State v. Matthews (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041; Statev. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. Thus, we will not reverse a trial court's denial of a motion for a new trial absent an abuse of that discretion. LaMar,95 Ohio St.3d at 201; Schiebel, 55 Ohio St.3d at 76. An abuse of discretion is more than an error in judgment. Instead, it implies that a court's ruling is unreasonable, arbitrary, or unconscionable. See, e.g., Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} A motion for a new trial based upon any ground except newly discovered evidence ordinarily must be filed within fourteen days after the verdict is rendered. Crim.R. 33(B). A motion for a new trial based upon newly discovered evidence generally must be brought within one hundred twenty days after the verdict. See id.
 {¶ 12} If a defendant files a motion for a new trial after the time periods specified in Crim.R. 33(B) have expired, the defendant first must seek leave of court to file a delayed motion. State v.Mathis(1999), 134 Ohio App.3d 77, 79, 730 N.E.2d 410. To obtain leave, the defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from timely filing the motion for a new trial or from discovering the new evidence. Id.; State v. Roberts (2001),141 Ohio App.3d 578, 582, 752 N.E.2d 331. A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the evidence or grounds supporting the motion for a new trial and, in the exercise of reasonable diligence, could not have learned of the matters within the time provided by Crim.R. 33(B). Mathis, supra.
 {¶ 13} In this case, appellant filed his motion for a new trial approximately six years after his conviction. Thus, because he did not file it within the fourteen or one hundred twenty-day time period set forth in Crim.R. 33(B), appellant was required to show that he was unavoidably prevented from filing the motion in a timely fashion. Because appellant made no such showing in the trial court, much less no allegation, the trial court had no obligation to consider the motion. SeeState v. Wells, (Oct. 22, 1998), Cuyahoga App. No. 73481 (concluding that the trial court properly overruled the defendant's motion for a new trial when he filed the motion more than one year after the guilty verdict and did not show that he was "unavoidably prevented from discovering the evidence").
 {¶ 14} However, on appeal, appellant claims that he was unavoidably prevented from discovering the evidence and that the trial court should have provided him an opportunity to show that he was unavoidably prevented from discovering the evidence. Appellant's claims have no merit.
 {¶ 15} First, the trial court had no duty to inform appellant that he needed to show that he was unavoidably prevented from discovering the evidence. See State v. Warwick, Champaign App. No. 01CA33, 2002-Ohio-3649 (concluding that the trial court had no duty to sua sponte inform the defendant that he first must request an order from the court finding that he was unavoidably prevented from earlier discovery of the evidence). Second, nothing in the record shows that appellant was unavoidably prevented from discovering the evidence. As we noted above, nowhere in his motion did appellant allege that he was unavoidably prevented from discovering the evidence relating to the alleged conflict of interest. See State v. Valentine, Portage App. No. 2002-P-0052, 2003-Ohio-2838 (holding that the trial court did not abuse its discretion by summarily overruling the defendant's new trial motion when the defendant failed to allege that he was unavoidably prevented from discovering the evidence).
 {¶ 16} Appellant's argument that State v. Gillard (1992),64 Ohio St.3d 304, 595 N.E.2d 878, required the trial court to hold a hearing is unavailing. Gillard held that: "Where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. * * * Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or `adverse effect' will be presumed." Id. at 311-12.
 {¶ 17} A defendant who has not raised the alleged conflict of interest during the trial court proceedings need not show prejudice on appeal. See State v. Pelphrey (2002), 149 Ohio App.3d 578, 583,778 N.E.2d 129. "Prejudice is presumed if the defendant can demonstrate that his defense counsel actively represented conflicting interests and that the actual conflict of interest adversely affected counsel's performance." Id. (citing Cuyler v. Sullivan (1980), 446 U.S. 335,100 S.Ct. 1708, 64 L.Ed.2d 333; State v. Carroll (1996), 74 Ohio St.3d 229,658 N.E.2d 269).
 {¶ 18} To demonstrate an actual conflict, the defendant must show that (1) a viable and plausible alternative defense strategy or tactic might have been pursued, and (2) the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests. State v. Gillard (1997), 78 Ohio St.3d 548, 553,679 N.E.2d 276. "The trial court has `wide latitude' in determining whether an actual conflict of interest existed." Pelphrey,149 Ohio App.3d at 583 (citing State v. Keenan (1998), 81 Ohio St.3d 133,689 N.E.2d 929).
 {¶ 19} In this case, appellant has not presented any evidence to show that his trial counsel had an actual conflict of evidence. His conclusory allegations are not sufficient to trigger the trial court's duty to inquire. See, generally, State v. Franklin, Butler App. No. CA2002-07-183, 2003-Ohio-1770.
 {¶ 20} Furthermore, appellant could have raised the alleged conflict of interest in a timely filed postconviction relief petition. However, at this point, such a petition would not be timely. See R.C.2953.21(A)(2) (requiring that a petition for post-conviction relief be filed no later than one hundred eighty days after the expiration of the time for filing the appeal).
 {¶ 21} Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is o rdered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] To support his argument, appellant has attached to his appellate brief a transcript of a 1989 hearing that is not part of the trial court record. Because App.R. 12(A) precludes us from considering exhibits attached to briefs that were not made a part of the trial court proceedings, see Valentine v. PPG Industries, Inc. (2001),145 Ohio App.3d 265, 273, 762 N.E.2d 469, we will not consider it.