JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Jeremy O. Pelphrey, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of four counts of felonious assault. For the following reasons, we affirm the trial court's judgment.
This matter was originally before us in State v.Pelphrey.[1] In that case, we reversed the trial court's judgment denying Pelphrey's postsentence motion to withdraw his guilty plea. We remanded the cause for a hearing concerning Pelphrey's contention that he had been deprived of his Sixth Amendment right to counsel as a result of an alleged conflict of interest, specifically that Pelphrey's counsel had represented a victim named in two counts of the indictment.[2] We instructed the court to hold a hearing on remand to determine whether a conflict of interest existed, and, if so, whether the conflict had worked a "manifest injustice" on Pelphrey.[3]
And because the trial court failed to make the requisite findings for the imposition of consecutive sentences, we also vacated the sentences and remanded the cause for resentencing.[4]
Following a hearing, the trial court determined that there was no actual conflict and that there had been no manifest injustice, and it again denied Pelphrey's Crim.R. 32.1 motion to withdraw the guilty plea. The court then sentenced Pelphrey to four consecutive four-year terms of incarceration.
In his first assignment of error, Pelphrey argues that the court erred in overruling the motion to withdraw the plea. We are not persuaded.
The evidence adduced at the hearing supported the trial court's conclusion that there was no conflict of interest. The undisputed testimony indicated that Pelphrey's mother, Belinda Euliss, had been involved in an altercation with a group of people and that Pelphrey had doused Euliss's combatants with drain cleaner. In doing so, Pelphrey had inadvertently thrown some of the cleaner on Euliss. Pelphrey was charged with multiple counts of felonious assault, with two of the counts listing Euliss as the victim. Euliss was charged with misdemeanor assault, but Pelphrey was not the victim of that alleged offense.
Pelphrey and Euliss consulted an attorney, telling the attorney that Pelphrey's actions in pouring the acid on his mother were accidental. They wanted the attorney to represent them both on their respective charges. The attorney testified at the hearing that he had explained to Pelphrey and Euliss that if their cases went to trial, he might be forced to withdraw because of a conflict of interest. But because their stories concerning the events were identical, he believed that he could represent them both in plea negotiations. The trial court agreed with counsel's assessment in denying the Crim.R. 32.1 motion.
We find no error in the trial court's ruling. There is no evidence in the record that counsel was required to take any position detrimental to the interests of Pelphrey as a result of his representing Euliss. Both clients claimed that Pelphrey's actions in harming Euliss were accidental, and the felonious assault counts relating to Euliss were ultimately dismissed. Moreover, Euliss's charge in municipal court did not involve Pelphrey as an alleged victim, and there was no showing that counsel's involvement in those proceedings was adverse to any position taken in Pelphrey's felony prosecutions. Thus, Pelphrey demonstrated neither a conflict of interest nor a manifest injustice. And bearing in mind that a decision regarding a Crim.R. 32.1 motion is not to be disturbed absent a showing that the trial court abused its discretion,[5] we overrule the first assignment of error.
In the second assignment of error, Pelphrey argues that the trial court erred in ordering the prison terms to be served consecutively. To impose consecutive sentences under R.C.2929.14(E)(4), the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[6] In addition, the court must state its reasons for imposing consecutive sentences.[7]
In the case at bar, the court made the requisite findings on the record and stated that the harm caused was so great or unusual that no single prison term would adequately reflect Pelphrey's conduct.[8] In stating its reasons for the sentences, the court noted that the victims of the offenses had suffered permanent disfigurement as well as severe emotional trauma as a result of having been doused with the drain cleaner. The evidence of the victims' injuries amply supported that finding. And while Pelphrey argues that the trial court misstated his criminal record in finding that consecutive sentences were necessary to protect the public from future crimes, any error in that regard was harmless. The trial court was required to find only one of the three factors set forth in R.C. 2929.14(E)(4)(a) through (c), and its finding with respect to the severity of the harm was sufficient to support the imposition of consecutive sentences. Therefore, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Hildebrandt, JJ.
[1] 149 Ohio App.3d 578, 2002-Ohio-5491, 778 N.E.2d 129, jurisdictional motion overruled, 98 Ohio St.3d 1462,2003-Ohio-644, 783 N.E.2d 520.
[2] Id.
[3] Id. at ¶ 18.
[4] Id. at ¶ 34.
[5] See State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph two of the syllabus.
[6] R.C. 2929.14(E)(4)(a) through (c). See, also, State v.Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336, at ¶ 3.
[7] R.C. 2929.19(B)(2)(c).
[8] R.C. 2929.14(E)(4)(b).