[Cite as *State v. Chaney*, 2012-Ohio-3101.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-13 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CR-110 |
| v. | : | |
| | : | |
| BOBBY J. CHANEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

<u>O P I N I O N</u>

Rendered on the 6th day of July, 2012.

. . . . . . . . . . .

JAMES D. BENNETT, Atty. Reg. #0022729, and ROBERT E. LONG, III, Atty. Reg. #0066796, Miami County Prosecutor's Office, Miami County Safety Building, Troy, Ohio 45373
      Attorneys for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. #0067020, and NICOLE RUTTER-HIRTH, Atty. Reg. #0081004, 130 West Second Street, Suite 2150, Post Office Box 10126, Dayton, Ohio 45402
      Attorneys for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Bobby J. Chaney appeals from his conviction and sentence, following a no-contest plea, for Theft, in violation of R.C. 2913.02(A)(1), a felony

of the fifth degree. Chaney contends that the trial court erred by overruling his pre-sentence motion to withdraw his plea. We conclude that the trial court did not err. Chaney, who was represented by different counsel, was accorded a hearing on his motion. Chaney presented nothing at that hearing beyond his counsel's bare allegation that: (1) Chaney's counsel at the plea hearing had a conflict of interest in that counsel was also representing Chaney's wife; and (2) Chaney was actually innocent of the charge.

{¶ 2} On this record, we conclude that the trial court did not err in finding that Chaney failed to establish ineffective assistance of counsel at the time of his plea, or anything else beyond a mere change of heart, to support his motion to withdraw his plea. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} Chaney was charged, by a bill of information, with the Theft of $500 or more, but less than $5,000, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. In one proceeding, Chaney waived indictment and pled no contest to the charge.

{¶ 4} During the plea hearing, when the subject of restitution came up, Chaney conferred off the record with his attorney, following which his attorney represented to the trial court that restitution had already occurred. The State did not dispute this.

{¶ 5} When asked by the trial court whether his counsel had explained everything to him and answered all his questions, and whether he was satisfied with his counsel's advice and competence, Chaney responded in the affirmative.

{¶ 6} Chaney indicated that the State had agreed to a joint recommendation,

as to sentence, of community control sanctions. After a proper plea colloquy, the trial court accepted Chaney's plea, and set the matter for sentencing. Chaney was ultimately sentenced to community control sanctions for three years.

{¶ 7} Before sentencing, new counsel was substituted, and Chaney moved to withdraw his plea. In his motion, Chaney argued simply that "his attorney had a conflict of interest when he represented the Defendant, which can be further elaborated at a hearing." The motion to withdraw Chaney's plea was accompanied by his own affidavit, in which he averred simply that he was innocent of the charge, wanted to exercise his right to a trial by jury, and that: "I now believe my attorney had a conflict of interest when he represented me."

{¶ 8} At the hearing on the motion to withdraw Chaney's plea, counsel was asked if he wished to present any testimony. Counsel indicated that he "would just like to make a brief statement regarding this matter." The entirety of that statement was as follows:

Your Honor as stated in our Motion, Mr. Chaney did have representation at his – when he entered his plea – at the time he entered his plea. He does at this time believe that there is a conflict involved with the attorney that represented both him and his wife. He, he would like to withdraw his plea. He had filed a motion on April 26th of this year, well before his sentencing date. We do understand that the Court has the ability to withdraw any pleas entered prior to sentencing time, if requested timely. Additionally, he does feel as though he should not have entered this plea at that time, that he is innocent of these charges, and he would like to pursue the matter in order to prove his innocence.

{¶ 9} The trial court took the motion under advisement at the hearing. The trial court's subsequent entry overruling the motion concluded as follows:

The defendant was represented by experienced counsel at the plea hearing. He was afforded a thorough hearing prior to entering his no contest plea. The judge who took the plea advised the defendant of all of his valuable constitutional rights and thoroughly complied with all of the requirements of Criminal Rule 11(C)(2). The court finds that the defendant's no contest plea was entered knowingly, intelligently and voluntarily and comports with the due process rights of the defendant. At the hearing on the Motion to Vacate Plea, the defendant did not offer any factual basis to support the naked assertion that he believed he was innocent. Without more, this claim can only be treated as a "change of heart" and insufficient as a basis to withdraw a no contest plea. The defendant also failed to provide evidence to establish the asserted claim that his prior attorney had a conflict of interest.

{¶ 10} Chaney appeals from his conviction and sentence.

## II. The Trial Court Did Not Err in Overruling
## Chaney's Motion to Withdraw his Plea.

{¶ 11} Chaney's sole assignment of error is as follows:

{¶ 12} "DENIAL OF APPELLANT'S MOTION TO VACATE HIS PLEA WAS AN ABUSE OF DISCRETION AS APPELLANT'S COUNSEL HAD A CONFLICT OF INTEREST IN HIS REPRESENTATION, DEPRIVING APPELLANT OF EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PROCEEDINGS, WHICH THE TRIAL COURT FAILED TO CONSIDER IN OVERRULING THE MOTION."

{¶ 13} In support of his motion, Chaney asserts a number of facts that find no support in the record. He contends that he and his wife were both subject to investigation, and "were

both accused of stealing league funds for personal use." He asserts that "upon the advice of counsel, [he] entered a plea, while his wife was never charged." None of these facts is established in the record of this appeal.

{¶ 14} Chaney then argues that: "his counsel had competing interests in his representation, namely he could not protect the interests of Appellant while also protecting the interests of Appellant's wife. Specifically, a conflict arose by advising Appellant to enter a plea, which protected his wife, but was against Appellant's interest and his claim of innocence." Again, the factual underpinning for this argument is not set forth in the record.

{¶ 15} Even if Chaney had established that he and his wife were both accused of the theft, we have held that the representation of a husband and wife by the same trial counsel does not necessarily implicate the constitutional guarantee of the effective assistance of counsel. *State v. Booker*, 63 Ohio App.3d 459, 464-466, 579 N.E.2d 264 (2d Dist. 1989).

{¶ 16} But Chaney cannot establish, from this record, that he and his wife were both accused of the theft, that he and his wife had a conflict of interest for purposes of Prof.Cond.R. 1.7(a) – which discusses whether there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for one client will be materially limited by the lawyer's responsibilities to another client – or that Chaney was prejudiced, in his decision to plead no contest, by the fact that his attorney represented both himself and his wife. Chaney's answer to these defects in the record is that the trial court had an affirmative duty to inquire whether a conflict of interest actually existed.

{¶ 17} In support of his argument that the trial court erred by failing to inquire concerning the possibility of a conflict of interest, Chaney first cites *State v. Gillard*, 64 Ohio

St.3d 304, 1992-Ohio-48, 595 N.E.2d 878. In that case, the trial court became aware, during a trial, that the same attorney was representing both the defendant and a witness called for the defense. The Supreme Court held that the trial court was under a duty to conduct an inquiry to determine whether an actual conflict of interest existed. In the case before us, there was nothing before the trial court at the time of the plea proceeding to suggest that a conflict of interest existed. Chaney asserted, as a ground for withdrawing his plea, that there was a conflict of interest. As the movant, he had a duty to establish that there was a conflict of interest, and that it adversely affected his counsel's performance. Furthermore, Chaney was represented by new counsel when he moved to withdraw his plea, who could be expected to advocate in support of the motion, unlike the defendant in *State v. Gillard*, who was represented by the attorney with the alleged conflict of interest at the time when the issue arose in the trial court.

{¶ 18} Chaney also cites *State v. Pelphrey*, 149 Ohio App.3d 578, 2002-Ohio-5491, 778 N.E.2d 129 (1st Dist.). In that case, the court of appeals held that a trial court had erred when it dismissed a motion to withdraw a guilty plea without holding a hearing on the defendant's claim that his counsel had a conflict of interest, and remanded the cause for a hearing on his motion to withdraw his plea, at which the defendant would have the burden of establishing the factual basis for his motion. *Id.*, ¶ 18-19. In the case before us, the trial court held a hearing on Chaney's motion to withdraw his plea. Chaney failed to produce evidence to establish that there was a conflict of interest, that he had not waived any conflict of interest, or that the existence of a conflict of interest made his plea other than knowing and voluntary – i.e., whether he was prejudiced by a conflict of interest.

{¶ 19}   Chaney cites *State v. Manross*, 40 Ohio St.3d 180, 532 N.E.2d 735 (1988), but that case cuts against Chaney's argument.   The Supreme Court held that "a trial court is not constitutionally mandated to inquire of criminal co-defendants whether they wish to be jointly represented by the same counsel[,]" but that the "judgment will be reversed if an appealing defendant shows that an actual conflict adversely affected counsel's representation of said defendant."   *Id*., at 40 Ohio St.3d 183.   Under that holding, even if the trial court in this case had been aware that Chaney and his wife were being jointly represented, it had no duty of inquiry, and it was Chaney's burden to establish, in post-trial or post-plea proceedings, that an actual conflict of interest adversely affected his counsel's representation of him.   The trial court correctly found that Chaney failed to meet this burden in the hearing on his motion to withdraw his plea.

{¶ 20}   Chaney essentially claims that it was the trial court's burden, through inquiry at the hearing on his motion to withdraw his plea, to establish the factual predicates for that motion.   To the contrary, the trial court met any burden it may have had by according Chaney a hearing on his motion, at which he was given the opportunity to present evidence in support of his motion.   It was then Chaney's burden to present evidence in support of his motion.   He failed to do so, and the trial court properly overruled his motion.

{¶ 21}   Chaney's assignment of error does not implicate the trial court's rejection of his claim of actual innocence.   Without some evidence in support of that claim, we conclude that the trial court properly regarded this claim as nothing more than a change of heart, which we have previously held to be an insufficient ground, even for a pre-sentence motion to withdraw a plea.   *State v. Landis*, 2d Dist. Montgomery No. 15099, 1995 WL 722990

(December 6, 1995), at p. 3.

**{¶ 22}** Chaney's sole assignment of error is overruled.

### III. Conclusion

**{¶ 23}** Chaney's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WILLAMOWSKI, JJ., concur.

(Hon. John R. Willamowski, Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

James D. Bennett
Robert E. Long, III
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Christopher Gee