The STATE of Ohio, Appellee,

v.

OKLATA, Appellant.

[Cite as *State v. Oklata,* 156 Ohio App.3d 123, 2004-Ohio-569.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 03 MA 62.

Decided Feb. 5, 2004.

Dionne M. Almasy, City Prosecutor, and Basil Ally, Assistant City Prosecutor, for appellee.

Maureen A. Sweeney, for appellant.

---

GENE DONOFRIO, Judge.

{¶ 1} Defendant-appellant, Paul Oklata, appeals from his conviction for driving under suspension and driving under the influence, following a no contest plea, in Youngstown Municipal Court.

{¶ 2} On December 9, 2002, appellant was stopped and arrested by the Youngstown Police Department for the following offenses: (1) failure to use turn signals, in violation of R.C. 4511.39; (2) driving under suspension, in violation of R.C. 4507.02; (3) driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); and (4) driving under the influence, in violation of R.C. 4511.19(A)(6) (BAC over .17). Appellant appeared, pled not guilty, and was appointed counsel.

{¶ 3} On March 31, 2003, appellant again appeared and plaintiff-appellee, state of Ohio, indicated to the trial court that a plea agreement had been reached. Appellant agreed to plead no contest to driving under suspension, in violation of R.C. 4507.02, and driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Appellee agreed to dismiss failure to use turn signals, in violation of R.C. 4511.39, and driving under the influence, in violation of R.C. 4511.19(A)(6) (BAC over .17). Appellee also agreed to recommend a sentence of a $250 fine plus court costs and 180 days in jail with 177 of those days suspended on the DUI charge. On the DUS charge, appellee agreed to recommend a sentence of a $100 fine plus court costs and 180 days in jail with 180 of those days suspended. The recommended sentence also included probation and a six-month driver's license suspension.

{¶ 4} The trial court accepted appellant's no contest pleas but gave a different sentence. The court suspended the $250 fine and suspended only 165 days of the sentence, leaving appellant to serve 15 days in jail rather than the recommended three. This appeal followed.

{¶ 5} Initially, it should be noted that appellee has failed to submit a brief in this matter. App.R. 18(C) provides:

{¶ 6} "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the times as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 7} Appellant's sole assignment of error states:

{¶ 8} "The trial court erred by failing to comply with R.C. 2937.07 and Criminal Rule 11 by failing to properly address the defendant in order to inform him of the effect of his plea and determine if the change in plea was voluntary."

{¶ 9} Appellant argues that, pursuant to Crim.R. 11(E), the trial court failed to enter into a meaningful dialogue in explaining the appellant's constitutional rights, which the appellant argues that the trial court was required to do. Crim.R. 11(E) states that the court "shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty," and determining that the defendant is making the pleas voluntarily. Crim.R. 11(E). Appellant contends that the "no contest" plea was not knowing, intelligent, and voluntary due to this lack of meaningful dialogue between appellant and the trial court. Therefore, appellant argues that his plea must be vacated and that the case must be remanded for further proceedings.

{¶ 10} This case raises the issue of what must be contained in the colloquy between a trial court judge and a criminal defendant when taking a plea of guilty or no contest for a misdemeanor traffic offense. The Ohio Supreme Court recently decided the issue in *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635.

{¶ 11} Prior to *Watkins*, at least nine of the 12 appellate districts held that in accepting a plea, regardless of whether it be a plea to a felony, a serious misdemeanor, or a petty misdemeanor, the trial court must advise the defendant of more than just a definition of a guilty plea and a no contest plea. Those courts noted that the three rights from *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (jury trial, privilege against self-incrimination, and confrontation) and the additional right from *State v. Ballard* (1981), 66 Ohio St.2d 473, 20

O.O.3d 397, 423 N.E.2d 115 (compulsory process) must be disclosed to any pleading defendant to ensure that the plea is voluntary, knowing, and intelligent.

{¶ 12} In *Toledo v. Chiaverini* (1983), 11 Ohio App.3d 43, 11 OBR 76, 463 N.E.2d 56, the Sixth District stated that the court must advise all pleading defendants of the constitutional rights being waived. Specifically, the *Chiaverini* court held as follows:

{¶ 13} "The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant." Id., 11 Ohio App.3d at 44, 11 OBR 76, 463 N.E.2d 56.

{¶ 14} In *Cleveland v. Wanzo* (1998), 129 Ohio App.3d 664, 718 N.E.2d 982, the Eighth District held that compliance with Crim.R. 11(E) requires the trial court to advise the defendant of the constitutional rights he is waiving. The Second and Tenth Appellate Districts disagreed with the other districts. In *State v. Lacy* (Apr. 12, 2002), 2d Dist. No. 2001–CA–130, 2002 WL 538912, the Second District found that a trial court must advise a petty-misdemeanor defendant of the effect of his plea by telling him what each plea means but need not advise the defendant of the constitutional rights he is waiving. The Tenth District believed that the "effect of a plea" required more than the Second District did, stating that there must be dialogue between the court and the defendant and that the court must mention the possible penalties. However, the Tenth District simultaneously stated that it continued to disagree with *Chiaverini*.

{¶ 15} This court adhered to the approach requiring a more detailed colloquy. See, e.g., *State v. Lintner* (Sept. 21, 2001), 7th Dist. No. 732, 2001 WL 1126654 (meaningful dialogue); *State v. Jackson* (May 9, 2001), 7th Dist. No. 99–CO–57, 2001 WL 503064 (constitutional rights and maximum penalty to know effect of plea); *State v. Hlinovsky* (May 1, 2001), 7th Dist. No. 99 BA 65, 2001 WL 503210 (potential penalty); *State v. Payne* (Dec. 19, 2000), 7th Dist. No. 00 521 CA, 2000 WL 1902205 (applying *Boykin* and *Ballard* to misdemeanor pleas).

{¶ 16} The Ohio Supreme Court subsequently certified *State v. Watkins* (Nov. 16, 2001), 2d Dist. No. 2001–CA–15, 2001 WL 1461138, with *Chiaverini* and *Wanzo*. On May 16, 2003, the court issued its decision in *State v. Watkins,* 99

Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, significantly abrogating *Chiaverini*.

{¶ 17} Initially, the court noted that Crim.R. 11 is inapplicable to traffic cases pursuant to Crim.R. 1(C)(3). Nonetheless, the court went on to explain how there are different requirements for different offenses (i.e., petty or serious misdemeanors and felonies). The court also noted that the requirements for taking a plea for a felony offense applied only to felony offenses.

{¶ 18} Turning to the more specific issue before it, the court stated that "[t]he protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses." Id., 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at ¶ 28. The court concluded, holding that "[w]hen a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." Id., 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at syllabus.

{¶ 19} Traf.R. 10 addresses pleas and a defendant's rights when pleading. Traf.R. 10(D) addresses misdemeanor cases involving petty offenses. A "petty offense" is defined in Traf.R. 2 as "an offense for which the penalty prescribed by law includes confinement for six months or less." Appellant was charged with driving under suspension in violation of R.C. 4507.02(B)(1), which is a misdemeanor of the first degree punishable by up to six months in jail. R.C. 4507.99(C). Therefore, appellant's offense was a petty offense. Traf.R. 10(D) reads:

{¶ 20} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

{¶ 21} The effect of a no contest plea is defined in Traf.R. 10(B)(2):

{¶ 22} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 23} In this case, there was no colloquy between the trial court and appellant to indicate compliance with *Watkins* and Traf.R. 10(B)(2). The court did advise appellant of certain constitutional rights he would be waiving. However, the court never told appellant of the effect of his no contest plea as outlined in Traf.R. 10(B)(2).

{¶ 24} Accordingly, appellant's sole assignment of error has merit.

{¶ 25} Appellant's plea of no contest is hereby vacated, and this matter is remanded to the trial court for further proceedings according to law and consistent with this opinion.

Plea vacated<br/>and cause remanded.

VUKOVICH and DEGENARO, JJ., concur.