DECISION AND JUDGMENT ENTRY
{¶ 1} Roger Herbst appeals his conviction from the Toledo Municipal Court for driving under the influence of alcohol. Because the prosecution did not introduce evidence at the suppression hearing that showed the trooper was justified in the stop of appellant's vehicle and because the state did not offer any explanation of the circumstances supporting Herbst's no contest plea, we reverse and remand
 Facts {¶ 2} Herbst was arrested on October 22, 2002 and charged with driving under the influence of alcohol. The stop was challenged in a motion to suppress.
 {¶ 3} At the suppression hearing, Trooper Kevin Miller of the Ohio State Highway Patrol testified that he overheard a broadcast from a police agency — in all likelihood the Maumee Police Department — that an assault suspect was driving to his apartment on Holland-Sylvania Avenue. The suspect was described as a white male driving a black Ford Explorer or Expedition with Michigan license plates. Fewer than 15 minutes after this broadcast, Miller observed Herbst's vehicle, which matched the description, and radioed for the Lucas County Sheriff's Department to make a traffic stop. Miller arrived at the scene shortly after the stop was made by the sheriff's department and heard another broadcast stating the assault victim did not wish to proceed with charges. Nonetheless, Herbst was arrested for driving under the influence of alcohol.[1] Miller also testified that Herbst had committed no traffic violation that would have permitted a traffic stop.
 {¶ 4} Herbst filed a motion to suppress. At the hearing he argued that there was no evidence that the dispatcher's broadcast was based upon reliable information. The prosecution offered nothing to show that the citizen informant provided a name, phone number, or address to the law enforcement agency responsible for the broadcast. The trial court, however, ruled that the stop was proper and denied Herbst's motion to suppress.
 {¶ 5} Trial was scheduled for April 25, 2003; however, on April 16, 2003, Herbst filed a jury demand As a result, the original trial date was vacated and a new trial date was scheduled for May 29, 2003. On May 19, 2003, Herbst withdrew his jury demand, and the May 29, 2003 trial date was confirmed.
 {¶ 6} On May 29, 2003, Herbst filed a motion to dismiss on speedy trial grounds because the trial date was not within 90 days of his arrest. After a short hearing, Herbst's motion to dismiss was denied, and he pled no contest to driving under the influence of alcohol. Herbst now appeals.
 Herbst's Assignments of Error {¶ 7} "Because officers had insufficient basis to effect a stop of his vehicle, appellant's constitutional rights were violated, and the motion to suppress should have been granted."
 {¶ 8} "Because too many days chargeable to the state had passed before trial was to occur, appellant's motion to suppress should have been granted."
 {¶ 9} "The trial court erred in finding appellant guilty upon his no contest plea to a misdemeanor as the state did not set forth any statement or explanation of how or that he violated the law."
 First Assignment of Error {¶ 10} The Ohio Supreme Court has stated that "[w]here an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." Maumee v. Weisner,87 Ohio St.3d 295, 1999-Ohio-68, at paragraph one of the syllabus.
 {¶ 11} We have held that a citizen's tip may be enough for a reasonable suspicion of criminal activity if, under the totality of the circumstances, it is reliable. Factors to consider are whether the citizen tip is based upon personal observation, whether it is contemporaneous with the criminal activity, and whether the citizen's motive for calling supports reliability.Sylvania v. Miller (June 2, 2000), Lucas App. No. L-99-1388. The citizen informant's name need not be known to the officer making the stop, if there are other factors that bolster the citizen informant's reliability. State v. Adkins (Nov. 17, 2000), Erie App. No. E-00-028 (although the manager was never identified by name, dispatcher had sufficient information on location of call and manager's position at the restaurant so that the officer could have made contact with her and her employees);State v. Kitchen (Sept. 17, 1999), Lucas App. No. L-98-1368 (unidentified informant who presented himself at the police station distinguishes him from the anonymous informant who merely calls from some unknown location). When additional indicia of reliability do not exist, the broadcast becomes information based upon an anonymous tip and further independent police work must corroborate the tip before a stop is proper. Bowling Green v.Tomor, 6th Dist No. WD-02-012, 2002-Ohio-6366, at ¶ 10-11.
 {¶ 12} Here, the prosecution presented no evidence at the suppression hearing that the citizen whose information was broadcast had sufficient indicia of reliability. The informant's reliability is especially important in this case because the trooper testified that he did not observe any independent unlawful action taken by Herbst that would have permitted him to stop Herbst's vehicle. Herbst's car was stopped solely on an anonymous tip of criminal activity. The prosecution did not show any corroboration of that tip or any other reason to support the lawfulness of the stop. The first assignment of error is therefore found well-taken.
 Second Assignment of Error {¶ 13} It is well-accepted that a jury demand in a misdemeanor case tolls the time period in which a defendant must be brought to trial. University Heights v. Dachman (1984),20 Ohio App.3d 26, 27; Parma v. King (Apr. 20, 2000), Cuyahoga App. Nos. 75185, 75186, 75187, and 75188; State v. Hammond
(Nov. 12, 1976), Franklin App. No. 76AP-464. Accord, State v.Dove (June 20, 1991), Coshocton App. No. 90-CA-16; R.C.2945.71;[2] R.C. 2945.72.[3] As long as the original trial date was within the statutory speedy trial window, a trial date set outside that time because of a jury demand, is not unreasonable if the new date is not too distant. Elyria v.Terrell (Apr. 19, 1995), Lorain App. No. 94CA005882. One court has suggested that even a six month continuance may not be unreasonable; even though, it "approaches the outer limit of such circumstances." State v. Fambry (May 18, 1977), Hamilton App. Nos. C-76333, C-76353.
 {¶ 14} Here, as agreed by both sides, the original trial date of April 25, 2003 was within time. On April 16, 2003, Herbst filed a jury demand, which the trial court accepted on April 21, 2003. The trial court ordered a new trial date to be set by the assignment commissioner.[4] A final pre-trial was set for May 19, 2003, with a trial date of May 29, 2003. On May 19, 2003, Herbst waived his right to a jury trial, and the trial date was confirmed.[5] On the day of his trial, Herbst filed a motion to dismiss on the basis of a speedy trial violation, which the court denied. The court reasoned that by filing a jury demand, Herbst vacated his original trial date of April 25, 2003, since a jury was not available that day. The court also determined that the new date was set within a reasonable time. The court also noted that a month after the jury demand, Herbst withdrew it and confirmed his new trial date.[6]
 {¶ 15} We agree with the trial court. The actions taken by Herbst waived his speedy trial rights. His original trial date was set within the statutory timeframe. Certainly, Herbst had the right to make a jury demand in this case but needed to understand by doing so, to accommodate a jury, his trial date might fall outside of the speedy trial timeframe. The new trial date was merely a month after his speedy trial time would have expired, which we deem to be reasonable. The second assignment of error is found not well-taken.
 Third Assignment of Error {¶ 16} The Ohio Supreme Court has held that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150; R.C. 2937.07.[7] Therefore, an explanation of circumstances is mandatory and must have enough information to support all the essential elements of the offense. It cannot be presumed from a silent record. Failure to present an explanation of circumstances, furthermore, results in a reversal of the conviction. State v. Parsons (Mar. 17, 2000), Wood App. No. WD-99-022.[8]
 {¶ 17} Here, at the no contest hearing, after the motion to dismiss was denied, the parties agreed that one of the two counts was to be changed to a no contest plea with the other count being dismissed by the state. The court then asked: "The plea is no contest?" The defense attorney answered: "That is correct." The court's response was: "There will be a finding of guilty. Did you want to go forward with sentencing?" There was no explanation of what circumstances gave rise to this finding of guilty. The court never told Herbst any consequences of his no contest plea.[9] Thus, the finding of guilty by the trial court was improper. His conviction, therefore, must be vacated. The third assignment of error is found well-taken.
 {¶ 18} Based on the foregoing, we find the first and third assignments of error well-taken and reverse appellant's conviction. The judgment of the Toledo Municipal Court is reversed and remanded for further proceedings according to law and consistent with this decision. Appellee is ordered to pay the costs of this appeal.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.
[1] Herbst is not contesting the basis of that charge.
[2] {¶ a} R.C. 2945.71(B)(2) states,
{¶ b} "Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows: * * * Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
[3] {¶ a} R.C. 2945.72 states in pertinent part:
{¶ b} "The time within which an accused must be brought to trial * * * may be extended only by the following:
{¶ c} "* * *
{¶ d} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made of instituted by the accused;
{¶ e} "* * *
{¶ f} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *."
[4] The entry for April 21, 2003 reads as follows:
"As Deft filed Jury Demand Trial date of 4-25-03. To AC to schedule for Jury trial Final set"
[5] {¶ a} The entry for May 19, 2003 reads as follows:
{¶ b} "Deft present w. Atty. Phillips waves right to jury trial in writing. Trial date of 5-29-03 confirmed."
[6] {¶ a} The entry for May 29, 2003 reads as follows:
{¶ b} "Motion to dismiss found not well taken same is denied. Court finds Deft filed a jury demand on 4-16-03, requiring the Court to vacate the Court trial date of 4-25-03. Further the jury trial was set w/in a reasonable time (5-29-03). Finally, approximately one month after filing the jury demand, Deft withdrew same and a trial to the court was confirmed."
[7] {¶ a} R.C. 2937.07 states,
{¶ b} "If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake. If the court or magistrate so believes, the court or magistrate shall enter a plea of not guilty and set the matter for trial pursuant to Chapter 2938 of the Revised Code. Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives. After hearing the explanation of circumstances, together with any statement of the accused, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.
{¶ c} "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding."
[8] Courts throughout Ohio have come to similar results. Statev. Hull, 7th Dist. No. 02 CA 47, 2003-Ohio-5306, at ¶ 17-18;Hamilton v. Hoskins (June 14, 1999), Butler App. No. CA98-07-143; Columbus v. Jones (Jan. 29, 1991), Franklin App. No. 90AP-84; State v. Luhrs (1990), 69 Ohio App.3d 731, 735;Chagrin Falls v. Katelanos (1988), 54 Ohio App.3d 157, 159.
[9] Herbst also was not given his rights under Traf.R. 10(D). The Ohio Supreme Court recently held that "[w]hen a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, at the syllabus. Failure to inform the defendant of those rights results in the no contest plea being vacated. State v. Oklata,156 Ohio App.3d 123, 2004-Ohio-569, at ¶ 10-25; State v. Logue,
7th Dist. No. 02 BE 29, 2004-Ohio-387, at ¶ 8-24.