OPINION
{¶ 1} Defendant-appellant, Sharon P. Ward, appeals a decision of the Clermont County Municipal Court denying a motion to withdraw her no contest plea to operating a vehicle while under the influence.[1] We affirm.
 {¶ 2} On August 19, 2007, appellant was arrested in connection with an automobile *Page 2 
accident that occurred on Clough Pike in Union Township. Appellant was charged with operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), failure to maintain control in violation of R.C. 4511.202, and open container in a motor vehicle in violation of R.C. 4301.62(B)(4).
 {¶ 3} Through counsel, appellant waived arraignment and entered a plea of not guilty. On November 8, 2007, counsel withdrew from the case. New counsel was appointed and the original date for jury trial was vacated. Trial was eventually reset for June 2, 2008. Before trial, appellant entered a plea of no contest to the OVI charge in exchange for the dismissal of the remaining charges. Appellant was initially referred to participate in the Clermont County Court OVI program; however, she was found to be ineligible for the program. Appellant's second attorney then withdrew from the case. On August 13, 2008, appellant's third attorney entered an appearance and moved to withdraw the no contest plea. The trial court overruled the motion and sentenced appellant to 180 days in jail, with 170 suspended; a $300 fine; a two-year driver's license suspension; and three years of community control. Appellant timely appeals, raising one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HER PRESENTENCE MOTION TO WITHDRAW HER NO CONTEST PLEA."
 {¶ 5} In her sole assignment of error, appellant argues the trial court erred by denying her motion to withdraw the no contest plea. Appellant argues her motion to withdraw was warranted because she had communication problems with her attorney and was confused at the time of the plea due to the serious head injuries suffered during the accident. Appellant claims that she is innocent of the charge, there is no evidence of potential prejudice to the state, and she was not advised of the nature of the charge and potential sentence.
 {¶ 6} While a defendant does not have an absolute right to withdraw a guilty plea *Page 3 
prior to sentencing, the Ohio Supreme Court has ruled that presentence motions to withdraw a plea should be "freely and liberally granted" by a trial court. State v. Xie (1992), 62 Ohio St.3d 521, 527. The decision to grant or deny a motion to withdraw a guilty or no contest plea is within the sound discretion of the trial court. Id. Upon a motion to withdraw a plea, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 7} A mere change of heart regarding a decision to enter a plea, without some additional justification, is not a sufficient basis for the withdrawal of a guilty or no contest plea. State v. Deloach, Montgomery App. No. 21422, 2006-Ohio-6303. The factors to be weighed in considering a presentence motion to withdraw a plea include: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; (9) whether the accused was perhaps not guilty or had a complete defense to the charge. State v. Cuthbertson,139 Ohio App.3d 895, 2000-Ohio-2638, ¶ 15. No one factor is conclusive in the determination of whether a plea should be allowed to be withdrawn. Id. at ¶ 16, citing State v. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 8} Accordingly, an appellate court reviews a trial court's decision to deny a motion to withdraw a plea under an abuse-of-discretion standard. State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. The reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, *Page 4 
unreasonable, or unconscionable. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 130, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 9} At the conclusion of the motion to withdraw hearing, the trial court stated, "[i]n looking at all these factors, I was present, I engaged in the plea discussions with Ms. Ward at the time of the offense.[2] She did not indicate any lack of understanding of what was going on. She did not indicate any lack of understanding of what she was doing, what the ramifications of her plea were — was. * * * Prior to the trial date Ms. Ward entered her plea and requested a referral to OVI Court, was granted that referral. She was ultimately found ineligible for that program. After being advised of that and coming before the Court for sentencing, she now indicates * * * that she wishes to withdraw her plea again. It appears to me what Ms. Ward is doing is continually attempting to avoid ultimately this case be brought to resolution and I'm going to deny the request of Ms. Ward to withdraw her plea. * * * I don't find that the interest of justice demand that Ms. Ward be given lead [sic] to withdraw her plea. I think she knew what the consequences of that action were. * * * I don't know what the breakdown in communication was between you and Mr. Bogen.[3] You didn't bring that to my attention at the time that you entered your plea. If there was a problem or you had concerns about what was happening or you were not comfortable with what was happening you certainly had the opportunity to let me know that at any juncture during the course of that discussion."
 {¶ 10} In reviewing the Cuthbertson factors in the context of the case at bar, we find that a majority of the factors weigh in favor of affirming the decision of the trial court. State v. *Page 5 Osborne, Warren App. No. CA2006-01-008, 2007-Ohio-1794, ¶ 22.
 Extent of the Hearing/Consideration of the Motion {¶ 11} Appellant claims the trial court failed to give sufficient consideration to the motion because the trial court "made no findings, nor analysis of the factors" and "appeared to be predisposed." Although a trial court is not required to issue findings of fact and conclusions of law when ruling on a motion to withdraw a plea, the trial court in this case stated that he considered the Cuthbertson factors and listed specific reasons for the denial of the motion as provided above.State ex rel. Chavis v. Griffin, 91 Ohio St.3d 50, 50, 2001-Ohio-241.
 Communication with Counsel/Knowledge of the Proceedings {¶ 12} Appellant further claims "the record is clear she was having communication problems with her attorney and did not understand what was happening." The transcript from the plea hearing demonstrates otherwise. Specifically, the record contains no evidence of the existence of a "communication problem" until after appellant entered her plea and was found ineligible to participate in the OVI program. See State v.Smith (1977), 49 Ohio St.2d 261, 264 (undue delay between the occurrence of the alleged cause for a withdrawal of a plea and the filing of the motion is a factor adversely affecting the credibility of the movant and militates against the granting of the motion).
 {¶ 13} At the plea hearing, appellant's counsel informed the court that he "thoroughly" discussed the plea agreement with appellant, which appellant also acknowledged. Further, as the trial court found, appellant made no indication that any communication problems existed during the plea phase of the proceedings. In denying appellant's motion, the trial court noted that he was present during appellant's plea negotiations and there was no indication of "any lack of understanding" by appellant. Finally, appellant makes no claim that counsel was incompetent or that she failed to receive adequate representation. *Page 6 
 Meritorious Defense/Prejudice to the State {¶ 14} Next, appellant contends that the state presented no evidence of any prejudice due to a potential withdrawal of her plea and that she is innocent of the charges as she produced evidence of a meritorious defense. Specifically, appellant claims that the accident resulted when she attempted to avoid a deer and the results of the nystagmus test were caused by the head injury she suffered during the accident. Further, appellant claims to have a receipt from seven hours prior to the accident for the beer found in the car and offers a witness that would testify "appellant had not consumed any alcohol during the approximately six hours preceding this accident."
 {¶ 15} The trial court in this case weighed the Cuthbertson factors in reaching its decision. Additionally, the trial court received a stipulation of facts at the plea hearing which could be weighed against appellant's defense. State v. Motley, Hamilton App. Nos. C-040430 and C-040431, 2005-Ohio-2450, ¶ 10. See, also, State v. Holin,174 Ohio App.3d 1, 2007-Ohio-6255, ¶ 20. Specifically, the trial court was aware that the arresting officer observed an odor of an alcoholic beverage coming from appellant at the time of the accident; the cans of beer in her car were still cold, two were opened, and one had not been fully consumed. Additionally, appellant admitted to the arresting officer that she had consumed one beer and a glass of wine, which fully contradicts the proffered alibi testimony. Moreover, this evidence of supposed innocence or defense was available to appellant at the time of her plea, but she failed to offer or produce the information until she was found ineligible for the OVI program. Accordingly, the trial court found that appellant was attempting to ultimately avoid resolution of the case by filing the motion to withdraw.
 Traf. R. 10 Colloquy {¶ 16} Finally, we will address appellant's argument regarding the trial court's failure to *Page 7 
advise appellant of the nature of the charge and potential penalties at the plea hearing. In her brief, appellant submits that the plea colloquy was insufficient. In her brief, appellant refers to Crim. R. 11(E); however, since appellant was charged with traffic rule violations, Traf. R. 10(D) is the applicable procedural rule in this case. Crim. R. 11(E) is "identical in all relevant respects to Traf. R. 10(D)."State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 15.
 {¶ 17} Traf. R. 10(D) provides, "[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. The counsel provisions of Criminal Rule 44(B), (C) and (D) apply to this subdivision."
 {¶ 18} Prior to Watkins, appellate districts in Ohio disagreed over the extent of the necessary plea colloquy between a defendant and the trial judge under Traf. R. 10(D). Some districts demanded the trial court to engage in a more detailed colloquy to satisfy Traf. R. 10(D); requiring the trial court to advise a defendant of the nature of the charge, the potential penalties, and the constitutional rights being waived prior to accepting a plea. State v. Oklata, 156 Ohio App.3d 123,2004-Ohio-569, ¶ 14. See, also, Toledo v. Chiaverini (1983),11 Ohio App.3d 43; Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155.
 {¶ 19} In Watkins, the Ohio Supreme Court held, "[w]hen a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf. R. 10(D) by informing the defendant of the information contained in Traf. R. 10(B)."Watkins at syllabus. When entering a no contest plea, a trial court is only required to advise the defendant that the "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Id. at ¶ 28. *Page 8 
 {¶ 20} In this case, the trial court did not instruct appellant about the OVI program or the maximum potential sentence before accepting her no contest plea. Appellant concedes in her brief that, underWatkins, Traf. R. 10(D) only requires a trial court to inform a defendant of the language of Traf. R. 10(B); but argues the failure of the trial court to advise a defendant of the potential sentence and her constitutional rights should be weighed in her favor when considered as a factor for a motion to withdraw.
 {¶ 21} Although a Traf. R. 10(D) colloquy detailing the nature of the charge, the potential penalties, and the constitutional rights being waived is preferred when accepting a guilty or no contest plea; we are constrained by Ohio Supreme Court precedent. Reviewing the colloquy between the trial court and appellant in this case, the court informed appellant of the effect of her plea and, as a result, fully complied with Traf. R. 10(D).
 {¶ 22} Further, the record demonstrates that appellant understood the effect of her plea and the consequences if she was found ineligible for the OVI program. Appellant's counsel stated, and appellant acknowledged, that he "thoroughly" discussed the plea arrangement with appellant prior to entering her plea. Additionally, the trial court advised appellant at the plea hearing, "if you are determined not to be eligible for that OVI Court program then your case will be brought back to me and I impose sentence at the appropriate time."
 {¶ 23} After review of the record, we cannot say the trial court's decision to deny appellant's motion to withdraw her no contest plea was arbitrary, unreasonable, or unconscionable.
 {¶ 24} Judgment affirmed.
BRESSLER, P.J., and WALSH, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] We note that the trial court stated at the plea hearing that it "engaged" in appellant's plea discussions. There is no evidence in the record regarding the extent of the trial court's involvement during the discussions beyond mere observation, or that the trial court made any improper promises or statements to appellant prior to obtaining her plea. Further, appellant assigns no error relating to the court's conduct during the plea discussions, nor claims that the trial court breached any plea agreement.
[3] Appellant's second attorney; who served as counsel when appellant entered the no contest plea. *Page 1